The opinion of the Court was read as drawn up by
Parker C. J.
When this case came formerly before us, the objection now urged, that the action could not be maintained, because the title to real estate was involved, was considered and overruled.[1] The plaintiff does not claim any title to the estate out of which the rents and profits grew, nor does he contest any title set up by the defendant. The action *76 is brought to recover out of the hands of the defendant, ■ money which he received as trustee to the plaintiff, and to his use ; and though the more proper tribunal for such a claim is a court of equity, we understand it to have been settled. in this commonwealth, where, until lately, there was no judicial power to enforce directly the execution of trusts, that the common law will always lend its aid to the recovery of damages for the breach of such trusts. And where the trust is simply the receipt of money for the use and benefit of one for whom land or other property yielding a profit is holden by another, under an obligation to pay over to the first the money so received, we see not why an action for money had and received is not the proper form of remedy.[2]
It is said, however, that here was no trust, but that the writing relied upon to prove it, is evidence of only a personal contract of E. Ashley with the plaintiff, on which the defendant is in no degree answerable. Butwe are satisfied that the writing is a sufficient declaration of trust within our statute, agreeably to the decision of this Court in the case of Barrett v. Joy.
No consideration, it is true, is expressed in the writing as passing from the plaintiff to E. Ashley, but a consideration may be proved aliunde,[1] and probably would have been proved, if this objection had been taken at the trial, for in the former report ol the case it appeared that the judgment recovered by E. Ashley against Murray was founded partly on a debt due by Murray to the plaintiff,’which was assigned to Ashley for the purpose of his recovering one judgment for both debts, for the use and benefit of Ashley as well as himself. This, however, cannot be the foundation of our decision in the case now before us ; but as the want of consideration was not objected to at the trial, and no question respecting it is presented by this report, *77 it cannot now be the ground of a new trial, for it should have been objected when the plaintiff might have had an opportunity to avoid the objection.
Considering, then, that the legal estate in the rents and profits levied upon was in the defendant’s father, who agreed to hold the same after a certain period for the use of the plaintiff, and that the defendant, under color of descent from his father, has possessed himself of the rents and profits belonging to the plaintiff, we see no objection to their being recovered in this action ;[2] 3 and therefore do not set aside the verdict; but we think it ought to be increased in the sum of 15 dollars, which was received as rent from one of the tenants of the defendant; for whether he received the rent in money, or in any chattel, at an estimated price, for so much money, can make no difference, as appears by the cases cited by the plaintiff’s counsel.[3]

 The rule of law, that the title to land cannot be tried in an action for money had and received, does not apply to cases where only the past-gone rents oi land are in question Monypenny v. Bristow, 2 Russ. & Mylne, 117.

 See Mien v. Impett, 8 Taunt. 263; S. C. 2 Moore, 240.
This action for money had and received is said to be founded m the principles of justice, and has been greatly extended on the ground of its being considered like a bill in equity. See Moses v. Macferlan, 2 Burr. 1012; Stratton v. Bastall, 2 T. R. 370; Wright v. Butler, 6 Wendell, 284; 2 Stark. Ev. (5th Amer. ed.) 64; Chitty on Contracts, (3d Amer. ed.) 182; Allen v. M‘Keen 1 Sumner, 277.

 See Davenport v. Mason, 15 Mass. R. 85; Howell v. Deluncey, 4 Cowen 427; Maigley v. Haner, 7 T. R. 341.

 As to the enforcement of a trust against one who comes into the possession of property bound by the trust, see Story’s Comm. Eq. c. 9, § 533 p.506,507.

 Ainsley v. Wilson, 7 Cowen, 662; Sheldon v. Welles, ante 63, note.